Melvin H. Bernheimer, Esq.
**MELVIN H. BERNHEIMER, P.C.**
76 North Broadway, Suite 4006
Hicksville, New York 11801
Telephone: (516) 942-4020
Facsimile: (516) 942-4088



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   JAN 14 2009   ★
P.M. _____
TIME A.M. _____



CV09   0154

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---

KELSON FLEARY and
KESTON HUGGINS

           Plaintiffs,

-against-

BEDFORD PETROLEUM, INC.,
MARK SAPIR and ZOYA SAPIR,

           Defendants.

Docket number:

**COMPLAINT**

SIFTON, J

LEVY, M.J

---

    Plaintiffs, KELSON FLEARY and KESTON HUGGONS, as and for their Complaint, allege of their own knowledge and conduct and upon information and belief as to all matters, as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by the Plaintiffs for money damages, liquidated damages, costs, injunctive relief and attorneys' fees and other relief as a result of Defendants' commonly applied policy and practice of failing and refusing to pay minimum wages and overtime compensation for weeks worked in excess of 40 hours, in violation of the Fair Labor Standards Act and the New York State Wage and Hour laws.

## PARTIES

2. Defendant, BEDFORD PETROLEUM, INC., is a corporation created and existing under and by virtue of the laws of the State of New York and maintains its principle office and headquarters at 1550 Bedford Avenue. Brooklyn, New York 11225.

3. At all times herein mentioned, Defendant, MARK SAPIR, was a shareholder of and the Chief Executive officer of BEDFORD PETROLEUM, INC.

4. At all times mentioned, Defendant, ZOYA SAPIR was an Officer and shareholder of BEDFORD PETROLEUM, INC.

5. Defendants MARK SAPIR and ZOYA SAPIR are residents of the County of Nassau, Valley Stream, and State of New York.

6. Plaintiff, KELSON FLEARY, is a resident and citizen of the County of Kings, City and State of New York.

7. Plaintiff, KESTON HUGGINS, is a resident and citizen of the County of Kings,

City and State of New York.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute. As to claims under New York State law, the Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1367.

9. Venue is proper in this District under 28 U.S.C. § 1391 ( b) and ( c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

10. Defendants are in the business of owning. maintaining, controlling and operating a gasoline service station known as Bedford Petroleum, located at 1150 Bedford Avenue, Brooklyn, New York 11225.

11. Defendants sell gasoline and provide associated automotive products and services; sell food and beverages, cigarette and cigar products for human consumption on the Bedford Petroleum service station premises.

12. Defendants are an enterprise engaged in commerce or in the production of goods and services for commerce. Defendants are engaged in commerce or in the

3

production of goods and services for commerce because, *inter alia,* Defendants have employees who provide services and/or that handle goods and materials that have been produced for and moved in commerce and Defendant's annual gross volume of business exceeds $500,000.00.

13. At all relevant times, Defendants have been the "employer" of Plaintiffs within the meaning of 29 U.S.C. § 203 (d) and New York Labor Law § 651 (6). Defendants, either directly or indirectly have hired Plaintiffs; controlled Plaintiffs' work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

14. Upon information and belief, Defendants have never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of Bedford Petroleum, where Plaintiffs were employed, in violation of 29 C.F.R. § 516.4.

15. Plaintiffs worked as gas station attendants and food service workers primarily engaged in the pumping of automotive gasoline, performing automotive repairs and service of food, beverages, cigarets and cigars in Defendants' service station establishment during the applicable statutory periods.

16. Starting more than six (6) years ago and continuing to present, Defendants paid Plaintiffs an hourly wage less than that mandated under federal and state minimum wage laws.

4


---


17. While employed by Defendants in the service station, Plaintiffs regularly worked a span of hours that exceeded ten (10) in a single day.

18. Defendants never compensated Plaintiffs for additional hours of work on the days that their spread of time exceeded ten (10) hours.

19. Defendants' above-described refusal and failure to pay Plaintiffs the minimum hourly wages for each actual hour of work was in violation of federal and state laws.

20. Defendants' above-described refusal to pay Plaintiffs the minimum hourly wages for each actual hour worked was wilful and intentional.

21. Starting more than six (6) years ago and continuing to present, Defendants' failed to pay Plaintiffs at a rate of one-and-one half times their regular rate of pay for hours they worked in a week in excess of forty (40).

22. Defendants' above-described refusal and failure to pay Plaintiffs overtime compensation for hours in a work week in excess of 40, was wilful and intentional.

23. Defendants' above described actions and conduct, all in violation of federal and state wage and hour laws were not the result of a good faith contest or dispute.

## COUNT ONE

## (VIOLATIONS OF
## THE FAIR LABOR STANDARDS ACT)

24. Plaintiffs repeat and reallege paragraphs of the Complaint designated "1" through "23" as if fully set forth herein.

25. Defendants' actions and conduct, as alleged herein, violated the provisions of the Fair Labor Standards Act governing minimum wage and overtime compensation.

26. Because Defendants willfully violated the provisions of the FLSA, as aforesaid, a three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255.

27. By reason of their unlawful acts alleged herein, Defendants are jointly and severally liable to Plaintiffs for unpaid minimum wages and unpaid overtime compensation, in amounts to be determined at trial, together with prejudgment interest, liquidated damages, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216 (b).

## COUNT TWO

### (VIOLATIONS OF NEW YORK STATE WAGE AND HOUR LAWS)

28. Plaintiffs repeat and reallege paragraphs of the Complaint designated "1" through through "27" inclusive, as if fully set forth herein.

29. Defendants' actions, as alleged herein, violated applicable New York State wage and hour laws and regulations governing minimum wages and overtime compensation; Defendants' practices alleged herein violate the minimum hourly wages provisions of N.Y. Labor Law § 652 (1) and (4); N.Y. Comp. Codes R. & Regs. Title 12, § 137-1.4 and the overtime wage provisions of New York Labor Law § 663 and the supporting New York State Regulations, 12 N.Y.C.R.R., Part 142.

30. By reason of their unlawful acts alleged herein, Defendants are jointly and severally liable, for unpaid minimum wages and unpaid overtime compensation during the applicable statutory period, in amounts to be determined at trial, together with prejudgment interest and costs, including reasonable attorney's fees

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for declaratory relief and damages as follows:

(a) A declaratory judgment that Defendants' practices alleged herein violate minimum wage and overtime provisions of the Fair Labor Standards Act,

29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R § 516 *et seq.;*

(b) A declaratory judgment that Defendants' practices alleged herein violate the minimum hourly wages provisions of N.Y. Labor Law § 652 (1) and (4); N.Y. Comp. Codes R. & Regs. Title 12, § 137-1.4 and the overtime wage provisions of New York Labor Law § 663 and the supporting New York State Regulations, 12 N.Y.C.R.R., Part 142;

(c) Judgment for unpaid wages and overtime compensation to which Plaintiffs are lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;* the minimum hourly wage provisions of N.Y. Labor Law § 652 (1) and (4); N.Y. Comp. Codes R.& Regs. Title 12, § 137 - 1.4 and the overtime wage provisions of New York Labor Law § 663 and the supporting New York State Regulations, 12 N.Y.C.R.R., 142;

(d) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to the unpaid minimum wages and overtime compensation to which Plaintiffs were lawfully entitled, but which were intentionally and wrongfully withheld by Defendants.

(e) An order directing Defendants to pay Plaintiffs reasonable attorney's fees

and all costs connected with this action.

(f)  Such other and further relief as this Court may deem just and proper.

Dated: Hicksville, New York
      January 14, 2009

MELVIN H. BERNHEIMER, P.C.

By: *Melvin H. Bernheimer*

MELVIN H. BERNHEIMER
MB(1852)